IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irving E. Twitty, #270014 | ) C/A No. 0:10-387-DCN-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND** |
| | ) **REPORT AND RECOMMENDATION** |
| SCDC Classification Representative'(s); Headquarters | ) |
| Dept.; Mr. James E. Brennan, Director of | ) |
| Classification/Records; Ms. Linda B. Dean, Institution | ) |
| Classification Case Manager; Ms. Claudia Bailey | ) |
| Lumpkins, Inst. Classification Case Worker; Mr. Ricky | ) |
| Bellinger, Institution Classification Case Manager; Mr. | ) |
| Michael Truesdale, Staff Attorney General Counsel | ) |
| SCDC Headquarter Office; Mr. David M. Tatarsky, | ) |
| General Counsel SCDC Headquarters; Mr. G. Ramey, | ) |
| Inmate Grievance Coordinator SCDC Headquarter | ) |
| Dept.; Ms. Phyllis G. Hopkins, Inst Assoc. Warden | ) |
| Macdougall Corr Inst Warden Office; Mr. Edsel T. | ) |
| Taylor, Inst. Warden Macdougall Corr. Inst Wardens | ) |
| Office; Ms. Mary Coleman, Chief Grievance Coordin | ) |
| SCDC Headquarters Dept.; Christopher Florian, Staff | ) |
| Attorney Generl Counsel SCDC Headquarters Office | ) |
| Dept.; Heath M. Stewart III, Private Attorney for SCDC | ) |
| General Counsel; John Ozmint, SCDC Director SCDC | ) |
| Headquarters Dept Office; P. Campbell, Institution | ) |
| Classification Case Worker Manning Correction | ) |
| Institution, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court pursuant 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's Complaint should be dismissed if he fails to timely pay the filing fee. Plaintiff is subject to the "three strikes" rule of the Prison Litigation

Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Manning Correctional Institution of the South Carolina Department of Corrections. Plaintiff filed this Complaint alleging negligent miscalculation of his criminal sentence through failure to apply earned work credits, earned educational credits, and good time credits. He requests that the calculations be corrected, that he receive monetary compensation and that the defendants' employment be terminated.

PJG

Plaintiff is a frequent filer in the federal court system, and he previously has filed seventeen (17) civil actions in this court. This court may take judicial notice[1] of the three (3) civil actions filed by the plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, malicious, or for failing to state a claim.[2] See Twitty v. Petty et al., 3:00-47-DWS (D.S.C. Feb. 24, 2000); Twitty v. Stevens et al., 7:00-2615-DWS (D.S.C. Sept. 20, 2000); and Twitty v. Werner et al., (D.S.C. January 9, 2002).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). This Complaint does not fit within this exception to proceed in forma pauperis as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. **If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.**

---

[1] See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). See also, Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

[2] In McLean v. U.S., 566 F.3d 391 (4th Cir. 2009), the Fourth Circuit concluded that a prisoner's action dismissed without prejudice for failure to state a claim did not count as a strike for purposes of 28 U.S.C. § 1915(g). The plaintiff's prior cases that have been deemed strikes were not dismissed for failure to state a claim so they are unaffected by the McLean decision.

PJG

# ORDER AND RECOMMENDATION

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is denied. It is further

**ORDERED** that Plaintiff shall have fifteen (15) days to pay the filing fee (currently $350). If Plaintiff fails to timely pay the filing fee, it is

**RECOMMENDED** that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).