**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Irving E. Twitty, #270014, | ) | C/A No. 0:10-387 DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCDC Classification Representative(s); | ) | |
| Headquarters Dept.; Mr. James E. Brennan, | ) | |
| Director of Classification/Records; Ms. Linda B. | ) | |
| Dean, Institution Classification Case Manager; | ) | |
| Ms. Claudia Bailey Lumpkins, Inst. Classification | ) | |
| Case Worker; Mr. Ricky Bellinger, Institution | ) | |
| Classification Case Manager; Mr. Michael | ) | |
| Truesdale, Staff Attorney General Counsel SCDC | ) | |
| Headquarter Office; Mr. David M. Tatarsky, | ) | |
| General Counsel SCDC Headquarters; Mr. G. | ) | |
| Ramey, Inmate Grievance Coordinator SCDC | ) | |
| Headquarter Dept.; Ms. Phyllis G. Hopkins, Inst. | ) | |
| Assoc. Warden Macdougall Corr Inst Warden | ) | |
| Office; Mr. Edsel T. Taylor, Inst. Warden | ) | |
| Macdougall Corr Inst Wardens Office; Ms. Mary | ) | |
| Coleman, Chief Grievance Coordin SCDC | ) | |
| Headquarters Dept.; Christopher Florian, Staff | ) | |
| Attorney General Counsel SCDC Headquarters | ) | |
| Office Dept.; Heath M. Stewart III, Private | ) | |
| Attorney for SCDC General Counsel; John Ozmint, | ) | |
| SCDC Director SCDC Headquarters Dept Office; | ) | |
| P. Campbell, Institution Classification Case | ) | |
| Worker Manning Correction Institution, | ) | |
| | ) | |
| Defendants. | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1).

However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend

for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas

v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections

to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those

objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984),

<u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984 ).[1]    Objections to the magistrate judge's report and

recommendation were timely filed on May 25, 2010.

A <u>de</u> <u>novo</u> review of the record indicates that the magistrate judge's report accurately

summarizes this case and the applicable law. Accordingly, the magistrate judge's report and

recommendation is **AFFIRMED,** and the complaint is **DISMISSED** without prejudice pursuant

to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
David C. Norton
Chief United States District Judge

Charleston, South Carolina
May 27, 2010

### ***NOTICE OF RIGHT TO APPEAL***
The parties are hereby notified that any  right to appeal this Order is governed by Rules
3 and 4 of the Federal Rules of Appellate Procedure

---

[1]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro</u> <u>se</u> litigant
must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's
report before such a procedural default will result in waiver of the right to appeal. The notice
must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him
of what is required.'" <u>Id.</u> at 846. Plaintiff was advised in a clear manner that his objections
had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the
appellate level of his failure to object to the magistrate judge's report.